**2013 UT App 44**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF K.K. AND K.K.,
PERSONS UNDER EIGHTEEN YEARS OF AGE.

R.W.K.,

*Appellant,*

*v.*

STATE OF UTAH,

*Appellee.*

Per Curiam Decision
No. 20120868-CA
Filed February 22, 2013

Fourth District Juvenile, American Fork Department
The Honorable Scott N. Johansen
No. 142957

Scott E. Williams, Attorney for Appellant
John E. Swallow and John M. Peterson, Attorneys for Appellee
Martha Pierce, Guardian Ad Litem

Before JUDGES DAVIS, McHUGH, AND VOROS.

PER CURIAM:

¶1     R.W.K. (Father) appeals the September 27, 2012 order terminating his parental rights and the October 30, 2012 order denying his post-judgment motion to require the State to pay for his transcripts.

¶2 Rule 55(a) of the Utah Rules of Appellate Procedure provides, in relevant part "[t]he petition on appeal must be field with the appellate clerk within 15 days from the filing of the notice of appeal or the amended notice of appeal. If the petition on appeal is not timely filed, the appeal shall be dismissed." Utah R. App. P. 55(a).

¶3 On October 12, 2012, Father filed a timely notice of appeal from the order terminating his parental rights. Subsequently, Father filed a motion for an extension of time to file his petition on appeal. On October 31, 2012, this court granted his motion for an extension of time and ordered Father to file his petition on appeal on or before November 13, 2012. Father did not file his petition on appeal until November 19, 2012. Thus, the petition on appeal was not filed timely and we are required to dismiss the appeal from the order terminating his parental rights. *See id.*

¶4 On November 14, 2012, the day after Father was required to file his petition on appeal, Father filed an amended notice of appeal challenging the juvenile court's October 30, 2012 order denying his post-judgment motion for the State to pay for his transcripts. Generally, in child welfare appeals, an amended notice of appeal is utilized to add an appellant's signature to the notice of appeal and the amended notice of appeal must be filed within fifteen days of the filing of the notice of appeal. *See* Utah R. App. P. 53(b). Here, Father's amended notice of appeal was not filed within fifteen days of his notice of appeal. *See id.* Furthermore, the amended notice of appeal pertained to the October 30, 2012 order denying his motion for the State to pay for his transcripts, which constituted a separate, appealable order. Thus, the filing of the amended notice of appeal did not toll the time for filing his petition on appeal relating to the termination of his parental rights, which was required to be filed on or before November 13, 2012 per this court's October 31, 2012 order. *See* Utah R. App. P. 55(a).

¶5 Because the amended notice of appeal was filed timely from the October 30, 2012 order, this court has jurisdiction to consider

whether the juvenile court erred by denying Father's motion for the State to pay for his transcripts. However, review of the October 30, 2012 order has been rendered moot by Father's failure to file a timely petition on appeal in his appeal from the order terminating his parental rights. A matter is moot when the requested judicial relief cannot affect the rights of the litigants. *See Towner v. Ridgway,* 2012 UT App 35, ¶ 6, 272 P.3d 765. Even assuming that we were to conclude that the juvenile court erred by denying Father's motion, it could not affect the termination of his parental rights.

¶6      Accordingly, the appeal from the juvenile court's September 27, 2012 order terminating Father's parental rights is dismissed and we decline to review the order denying his post-judgment motion as it is moot.

––––––––––